# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELVIN CLIFFORD WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 09-418-JHP-SPS |
| CLINT B. CRAFT, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss plaintiff's amended complaint and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. Plaintiff, an inmate in the custody of the Federal Bureau of Prisons who is incarcerated in Ayer, Massachusetts, brings this action under the authority of 42 U.S.C. § 1983, seeking damages for alleged constitutional violations related to his arrest and criminal prosecution. The defendant is Clint E. Craft, Trooper for the Oklahoma Department of Public Safety.

Plaintiff alleges that on August 13, 2007, he was traveling east on Interstate 40 between Oklahoma and the Arkansas state line, when he was racially profiled by Defendant Craft who pulled him over and asked for his driver's license and registration. A computer check determined there were no outstanding warrants. Plaintiff asked Defendant Craft why he was stopped, and Craft advised that plaintiff had been following a semi-truck too closely. When asked by Craft, plaintiff denied having any methamphetamine or marijuana in his vehicle. Following a pat-down by the defendant, plaintiff was returning to his vehicle when

Craft allegedly attacked him from behind, knocking plaintiff to the ground and causing him to lose consciousness for a few seconds. Craft was on plaintiff's back, when a van pulled over and three male civilians jumped out to assist Craft. When Craft's backup arrived, contraband was found in plaintiff's vehicle.

Plaintiff maintains Defendant Craft failed to (1) request a search warrant, (2) radio for a K-9 drug detection unit, (3) or advise plaintiff of his *Miranda* rights. In addition, Craft brutally assaulted plaintiff, waited about 50 minutes to call for backup, failed to take the names of the men who stopped to help or get the license tag number of their vehicle, and broke the chain of custody when the recovered 170 pounds of marijuana was left unsupervised in Craft's vehicle overnight and transported to different locations over 16 days. Plaintiff also complains that Craft's attack could have caused plaintiff's defibrillator to activate.

The defendant has filed a motion to dismiss, alleging among other things, that plaintiff has failed to state a claim, and the lawsuit is barred by the statute of limitations. To the extent plaintiff seeks compensatory damages related to his conviction, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Because plaintiff has not presented evidence that his conviction or sentence has been so invalidated, the court finds his claim for related damages is not cognizable under § 1983.

Regarding plaintiff's remaining claims, the statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). The alleged incidents giving rise to this lawsuit occurred on August 13, 2007, but plaintiff did not file his complaint until October 27, 2009. The complaint clearly was untimely.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 15th day of March 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma